UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARK WILSON                                                                                           PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:18-CV-559-DPJ-JCG

UNITED STATES DEPARTMENT                                                              DEFENDANT
OF COMMERCE

ORDER

On September 21, 2020, the Court granted in part and denied in part Defendant's Motion for Summary Judgment and stayed this employment-discrimination and retaliation case due to the ongoing Coronavirus pandemic. Order [107]. Defendant United States Department of Commerce now asks the Court to reconsider its partial denial of the summary-judgment motion and enter final judgment in its favor. Mot. [108]. For the following reasons, Defendant's motion is granted as to the Title VII disparate-treatment and retaliation claims but denied as to the hostile-work-environment claim.

I.      Facts and Procedural History

The facts are more fully set out in the Court's previous Order [107]. In general, Plaintiff Mark Wilson alleges that William Parker, Wilson's supervisor at the Jackson, Mississippi, office of the National Weather Service (NWS), discriminated against him because of his race, created a racially hostile work environment, and retaliated against him when he initiated contact with an Equal Employment Opportunity (EEO) counselor. Parker is Black, and Wilson is White.

After extended briefing, the Court narrowed the scope of Wilson's discrimination and retaliation claims and denied summary judgment on Wilson's hostile-work-environment claim, concluding that "[t]he record easily supports a jury question on whether Wilson was harassed."

Order [107] at 12.  Defendant maintains that all claims should be entirely dismissed and seeks reconsideration of the partial denial of its earlier summary-judgment motion.

II.     Standard

Motions to reconsider interlocutory orders are considered under Federal Rule of Civil Procedure 54(b).  That rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  "Whether to grant [a Rule 54(b) motion] is a matter left to the trial court's discretion." *Davis v. Hinds Cnty.*, No. 3:16-CV-674-DPJ-FKB, 2018 WL 2014694, at *5 (S.D. Miss. Apr. 30, 2018) (citing *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014)).

III.    Analysis

  A.    Title VII Disparate-Treatment and Retaliation Claims

In his summary-judgment response, Wilson provided 19 pages of facts and mentioned around two dozen work-place incidents he claimed were harassment.  *See* Pl.'s Mem. [90] at 1–19.  After reviewing the record, the Court concluded that most of the alleged acts were either not properly supported or failed to constitute discrimination or retaliation.  Order [107].  The Court did, however, hold that Wilson's Title VII disparate-treatment claim would go to trial based on the allegation that Parker discriminated when handing out cash bonuses.  *Id.* at 10–11.  Similarly, the Court held that Wilson's retaliation claim could proceed based on the assertion that Parker retaliated by secretly recording a conversation with Wilson and then distributing it.  *Id.* at 19–20.  Defendant says these holdings were a mistake because Wilson failed to exhaust either claim and

never pleaded them in his Complaint.  It further argues that the claims otherwise fail on their merits.

Defendant did not plainly assert its arguments as to these two acts in its pre-ruling briefs.  But in fairness, Wilson was perhaps coy when responding to the summary-judgment motion and never clearly identified which claims had been pleaded and exhausted nor why those specific acts avoided summary judgment.

Under Rule 54(b), a district court may "reconsider and reverse its decision for any reason it deems sufficient."  *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).  That's true "even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).  Here, the Court may have read too much into Wilson's summary-judgment briefing as he now offers no response to Defendant's motion seeking dismissal of the Title VII disparate-treatment and retaliation claims.  Defendant's analysis of these claims appears to be correct and stands unchallenged.  Accordingly, the Court finds that Defendant's motion for reconsideration should be granted as to the Title VII discrimination and retaliation claims.[1]

---

[1] Neither Wilson's response nor his supporting memorandum mentions the disparate-treatment or retaliation claim.  He does, however, state:  "Plaintiff reasserts and incorporates by reference the entirety of his earlier Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, with all its exhibits, . . . Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, with all its exhibits, . . . Doc. 88 in this case, along with his supporting briefs . . . as previously submitted herein."  Pl.'s Resp. [114] at 3.  This incorporation encompasses over 1000 pages of briefing and supporting record evidence, but the Court does not believe Wilson's previous legal memoranda addressed the issues Defendant asserts in the present motion.  Even if there is something relevant in the incorporated documents, the Court has no duty to comb this immense record searching for potential arguments, especially when Wilson has not directly opposed Defendant's present motion on these claims.

B.     Hostile-Work-Environment Claim

Defendant takes a deep dive into the factual allegations set forth in Wilson's memorandum in opposition to its summary-judgment motion, culling out those statements for which Wilson provided either no record citation, a record citation that does not support the statement, or a citation to evidence that is inadmissible.  It then provides context for the statements that remain.  So summarized, Defendant asserts that only 15 "minor" incidents remain, which were spread "over nearly three years."  Def.'s Mem. [109] at 21.  Wilson says Defendant left off a few more incidents and that the totality of circumstances states a valid claim.

"For harassment on the basis of race to affect a term, condition, or privilege of employment . . . it must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).  After spending an enormous amount of time reading this substantial record—including portions that neither party cited—the Court previously concluded that too much transpired between Wilson and Parker to dismiss the hostile-work-environment claim at the summary-judgment stage.  The latest briefs do not change that conclusion.  Though Wilson did a poor job marshalling his evidence in response to the present motion, the record reflects a pattern of alleged conduct that is not limited to 15 discrete acts.  Most of what he claims may not be severe, but a jury must decide whether it was severe or pervasive.  There is likewise evidence from which a jury could find causation.

Regardless, as the Court mentioned in its original order, even if this claim failed the Rule 56 test, there is enough for the Court to conclude that "a better course would be to proceed to a full trial."  *Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995) (holding that trial court has

4

discretion to deny summary judgment "even if the standards of Rule 56 are met") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56 (1986)).  Defendant's motion to reconsider is denied as to the hostile-work-environment claim.

IV.	Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Defendant's Motion to Reconsider [108] is granted as to the Title VII disparate-treatment and retaliation claims but denied as to the hostile-work-environment claim.

**SO ORDERED AND ADJUDGED** this the 18th day of March, 2021.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE